**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JACK NORMAN RUKES,

        Defendant - Appellee,

    v.

MARTIN FRINK; ATTORNEY
GENERAL OF THE STATE OF
MONTANA,

        Plaintiff - Appellant.

No. 14-35492

D.C. No. 9:13-cv-116-M-JCL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Argued and Submitted July 6, 2015
Portland, Oregon

Before: PREGERSON, N.R. SMITH, and OWENS, Circuit Judges.

Montana appeals the district court's May 23 and September 29, 2014 orders

granting Rukes's petition for habeas relief. We have jurisdiction under 28 U.S.C.

§§ 1291 and 2253. We reverse and remand.

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Montana agrees that the comment made by the bailiff in the presence of the jury as they were about to commence deliberations constituted error and that the state court's decision concerning the issue was unreasonable. *See* 28 U.S.C. § 2254(d). Therefore, we must solely determine whether the district court erred by concluding that the error was not harmless. On habeas review, when considering whether an improper comment made to the jury was harmless, the court applies the standard from *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

Rukes argues that the mere presence of a plain-clothed guard sitting behind Rukes in the courtroom was prejudicial and that the surprise that the jurors must have experienced when they discovered (right before entering the jury room to deliberate) that Rukes was in fact being guarded, prejudiced the jury. However, to support a finding that the error was harmful, actual prejudice must be shown. *Davis v. Ayala*, 135 S. Ct. 2187, 2197-98 (2015). We note that the Supreme Court handed down *Davis* nine months after the district court's final order in this case.

Rukes offers no evidence that he was actually prejudiced by the bailiff's improper comment. As evidenced by its acquittal of Rukes on two of the four charges, the jury engaged in meaningful deliberations. The jury was presented with substantial evidence that Rukes had committed the charged offenses and made a reasonable decision based on that evidence. Therefore, as there is a lack

2

evidence of actual prejudice, we must conclude that the district court erred by granting Rukes's petition for habeas relief.

**REVERSED and REMANDED.**